RAMBLER, The (TEASDALE v.) See Case No. 13,815.

## Case No. 11,543.

### RAMDULOLLDAY v. DARIEUX.

[4 Wash. C. C. 61.] [2]

Circuit Court, D. Pennsylvania. April Term, 1821.

BILL OF EXCHANGE—NOTICE OF DISHONOR—EXCEPTIONS.

The general rule as to the drawer and indorser is, that due notice of the dishonour of

---

[1] [Reported by Hon. William Cranch, Chief Judge.]

[2] [Originally published from the MSS. of Hon. Bushrod Washington, Associate Justice of the Supreme Court of the United States, under the supervision of Richard Peters, Jr., Esq.]

the bill must be given to all to whom the holder means to look. The first exception made to this rule was in case the suit was against the drawer, where it appeared he had no effects in the hands of the drawee; and this exception was afterwards so qualified as to entitle him to notice, if he had a reasonable ground to expect the bill would be paid. But the exception has never been extended to the indorser, and ought never to be.

The jury found a verdict for the plaintiff, subject to the opinion of the court, upon the following case: On the 4th of December, 1811, Thomas Bedwell & Co. at Rio de Janeiro, drew a bill of exchange on William Nunn & Co. of London, payable to the order of the defendant at three months sight, for £253. 6s. 6d. sterling, which he by the bill desired to be placed to the account of John Dayton, and in case of need, to apply to Messrs. Coutts & Co. This bill was indorsed to the plaintiff, a merchant at Calcutta. The letter of advice which accompanied the bill, addressed by the drawers to the drawees, announces the drawing of the bill, and desires that it may be honoured, and placed to account of Mr. John Dayton, of Philadelphia, who will advise them of the same. The bill being transmitted from Calcutta to London by the plaintiff, it was, by the order of Thomas Coutts & Co. presented, on the 30th of October, 1812, to the drawees, who refused acceptance, alleging, as the reason, want of effects; and it was accordingly protested for non-acceptance, and also for non-payment, on the 5th of February, 1813; on which day it was offered for payment, and refused for the same reason. Application was then made by the notary to Thomas Coutts & Co. the persons intended in the bill by the designation of Messrs. Coutts & Co. who also refused for want of advice and effects; and a protest for non-payment was thereupon made. The bill was returned to Calcutta, where it arrived after the defendant had left that place and gone to Philadelphia. The defendant on his return to Rio de Janeiro from Calcutta, was informed that the drawers had failed, and upon his arrival at Philadelphia, he procured Mr Clapier to direct a correspondent of his at London to take up the bill for his honour, which letter was written the 22d of December, 1812. But the correspondent observing the date of the protest for non-payment declined taking up the bill. The defendant arrived in Philadelphia in November, 1812. The plaintiff on receiving the bill from London protested, returned it to his agent in London, who forwarded it to Philadelphia for collection. It came to the hands of the agent in Philadelphia, on the 9th of September, 1814, who immediately applied to the defendant for payment, which he refused on account of the irregularity of the protest. The drawers had no effects in the hands of the drawees, or of Coutts & Co. nor was either of these houses under any obligation to pay them.

Rawle, for plaintiff, contended that the drawer having no effects in the hands of the drawee or of Coutts & Co. and no right to draw upon

them, it is the settled law that the drawer cannot object to want of notice, or to irregularities in presenting the bill, and having it protested. This being so as to the drawer, the reason of the rule is equally applicable to the indorser. He cited 1 Term R. 167, 405, 409; 1 Bos. & P. 652; 2 Bos. & P. 277; 7 East, 359; 12 East, 171; 2 Term R. 713; Chit. 151; 5 Term R. 239; 1 Selw. N. P. 291; Brown v. Barry [3 Dall. (3 U. S.) 365], and Clark v. Russel [7 Cranch (11 U. S.) 69], in the supreme court of the United States.

Gibson, for defendant, insisted that the reasons which dispensed with notice as against the drawer, were inapplicable to the indorser; and that no case had gone so far as to apply the rule to him. He cited Peake, 202; [French v. Bank of Columbia] 4 Cranch [8 U. S.] 161; Brown v. Maffey, 15 East, 216; 4 Maule & S. 226; 4 Taunt. 731.

WASHINGTON, Circuit Justice. The naked question presented to the court is, whether in an action upon a protested bill of exchange against an innocent indorser, who paid full value for the bill, notice to him of the dishonour of the bill can be dispensed with, upon proof being made that the drawer had no effects in the hands of the drawee when the bill was drawn, nor a reasonable ground to expect that it would be paid? The general rule in respect both to the drawer and indorsers, is, that notice to them or such of them as the holder means to look to is an essential condition which he is bound to perform to entitle him to recover against them. The reason is, that those persons may respectively have an opportunity to obtain payment or security from those to whom they have a right to look for indemnity. That the drawer and indorsers are prejudiced by an omission to give such notice, is a presumption of law. The case of Bickerdike v. Bollman, 1 Term R. 405, for the first time made an exception to the rule, whilst it admitted the rule itself. That was an action against the drawer, and the court decided that if it appeared in evidence that he had no effects in the hands of the drawee at the time he drew the bill, notice was not necessary. This exception was qualified by subsequent cases so as to entitle even the drawer to notice if he had a reasonable ground to expect that his bill would be honoured, although he had no effects in the hands of the drawee. But no case has ever yet gone so far as to dispense with notice to the indorsers. And it is most obvious that the reason upon which the rule in Bickerdike v. Bollman proceeded, is inapplicable to the case of an indorser. A man who draws a bill when he knows that he has no right to do so, and then parts with it for a valuable consideration, is, to say the least of him, guilty of legal fraud, and consequently is not entitled to the benefit of notice. Besides, he cannot be injured from the want of it, as he has no person to look to but the drawee, and therefore cannot suffer if he had nothing in his hands on which to draw. But what is all this to an indorser who has committed no fraud, actual or constructive; and who, having a claim to indemnity against every person upon the bill above himself, ought to be placed in a situation to secure himself if he can. Nevertheless, whilst the judges of England have been, and from the latest case, we find, are still murmuring at the decision in Bickerdike v. Bollman, which is confined to drawers, an attempt is now made to extend the exception to indorsers. In the case of Wilkes v. Jacks, Peake, 202, the existence of such an exception is denied, and that case, so far as we know, has never been overruled. It is true that in Sisson v. Tomlinson, 1 Selw. N. P. 291, Lord Ellenborough ruled, at nisi prius, that where the indorser has not given consideration for the bill, and knows at the time that the drawer has not effects in the hands of the drawee, he is not entitled to notice, as a bona fide holder for valuable consideration would be. This decision obviously proceeded on the ground of constructive fraud in the indorser, and would therefore be wholly inapplicable to this or similar cases; even if the authority of that case had not been shaken by the subsequent one of Brown v. Maffey, 15 East, 216. But the case of Leach v. Hewitt, 4 Taunt. 731, is still more in point; by deciding that though the indorser pay no consideration for the bill, but indorsed it merely as an accommodation to the drawer, he is nevertheless entitled to notice. Such too is the decision of the supreme court of the United States in the case of French v. Bank of Columbia, 4 Cranch [8 U. S.] 161. We are therefore of opinion that the law is in favour of the defendant.